**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID F. MILES, | § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL   ACTION   NO.   4:13-cv-03395 |
| SEADRILL AMERICAS, INC., | § § § | |
| Defendant. | § § | |

## DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Seadrill Americas, Inc. submits this, its Motion to Dismiss Plaintiff's Original

Complaint for lack of subject matter jurisdiction and for failure to state a claim for which relief

may be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6):

**I.**

## NATURE AND STAGE OF PROCEEDING

Plaintiff David F. Miles lodges claims against Defendant Seadrill Americas, Inc.

("Seadrill Americas") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §

621 and the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code § 21.051,

alleging that he was wrongfully terminated from his employment. At all relevant times, Plaintiff

was employed on the jack up drilling rig "Offshore Courageous" in Malaysian waters. His

employer was Scorpion Offshore Malaysia Sdn Bhd (Malaysia) a/k/a Seadrill Offshore Malaysia

Sdn Bhd (Malaysia) ("Seadrill Offshore Malaysia"), a Malaysian corporation. He performed no

services for or at the direction of Seadrill Americas, or in the United States. The ultimate parent

of both Seadrill Americas and Seadrill Offshore Malaysia is Seadrill Limited, a Bermuda

1

2036675v.1

corporation. There is no relationship between Seadrll Americas and Seadrill Offshore Malaysia other than common ultimate ownership by Seadrill Limited. Seadrill Limited is an international offshore deepwater oil and gas drilling company that operates in more than fifteen countries, worldwide. Seadrill Limited's business activities throughout the world are managed by Seadrill Management Ltd., a UK company with offices in London, England. Because Plaintiff was employed overseas by a foreign corporation not controlled by an American employer, the ADEA does not apply, and this court lacks federal question subject matter jurisdiction over this lawsuit. Further, because Plaintiff has not alleged that he was employed in Texas (and, in fact, he was not employed in this state), he has failed to state a claim under the TCHRA for which relief may be granted. Therefore, Plaintiff's claims should be dismissed, with prejudice.

## II.

## SUMMARY OF ARGUMENT

Plaintiff alleges that Seadrill Americas is liable for wrongfully terminating his employment, in violation of the ADEA and TCHRA. The jurisdictional provision of the ADEA specifically states that the federal statute does not apply where the employer is a foreign person not controlled by an American employer. Plaintiff was employed in Malaysia by a Malaysian corporation whose ultimate parent was a Bermuda corporation. Therefore, the ADEA does not apply to Plaintiff's claims, and this suit should be dismissed for lack of subject matter jurisdiction. Additionally, and in the alternative, because the TCHRA applies only to employment within the state of Texas, the state law claims should be dismissed for failure to state a claim upon which relief can be granted.

2

## III.

## ARGUMENT AND AUTHORITIES

**A.    This Lawsuit Should Be Dismissed under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.**

### 1.    Standard of Review under Rule 12(b)(1)

A motion under Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). It is the plaintiff's burden to show that the court has jurisdiction over his claims. *Id.* Lack of subject matter jurisdiction can be determined through any of the following means: "(1) the complaint alone; (2) the complaint supported by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*; *Johnson v. Aramco Servcs. Co.*, 164 Fed. Appx. 469, 470 (5th Cir. 2006). The United States Court of Appeals for the Fifth Circuit has held that "when a factual attack is made on subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981). Evidence which may be submitted by a defendant making a factual attack on a complaint can include affidavits, testimony, or other admissible documents. *See Teamer v. Napolitano*, C.A. H-11-1808, 2012 U.S. Dist. LEXIS 60833, *18 (S.D. Tex. May 1, 2012) (citing *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). Submission and review of such evidence does not convert a motion to dismiss under Rule 12(b)(1) to a motion for summary judgment under Rule 56(c). *Id.* (citing *Garcia, Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). Here, the evidence shows that the ADEA does not apply to Plaintiff's claims. Because there is no other basis for subject matter jurisdiction in this Court, the lawsuit must be dismissed.

3

2036675v.1

**2.     The Court has no federal question subject matter jurisdiction over this lawsuit because the ADEA does not apply to employment overseas by a foreign employer.**

The ADEA does not apply to Plaintiff's age discrimination claims because he was employed overseas by a foreign company. It is a longstanding principle that a federal statute cannot apply outside the territory of the United States unless Congress expressly indicated its intent for such application. *Johnson v. Aramco Servcs. Co.*, 164 Fed. Appx. 469, 471 (5th Cir. 2006); *Denty v. SmithKline Beecham Corp.*, 109 F.3d 147, 149 (3rd Cir. 1997) (both citing *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991)). In this regard, the ADEA provides for only limited extra-territorial jurisdiction. *Denty*, 109 F.3d at 149. Specifically, the statute can apply to overseas employment of an American citizen by an American employer. *Id.* at 150. However, the jurisdictional section of the ADEA expressly states that "the prohibitions of this section shall not apply where the employer is a foreign person[1] not controlled by an American employer." 29 U.S.C. § 623(h)(2).

The Fifth Circuit has interpreted § 623(h)(2) of the ADEA to hold that age discrimination claims "are not cognizable with respect to foreign corporations who employ American citizens to work abroad." *Johnson*, 164 Fed. Appx. at 471 (citing *Denty*, 109 F.3d at 150). Moreover, "the ADEA does not apply when a foreign corporation controls an American corporation and the employment is with the foreign parent abroad." *Johnson*, 164 Fed. Appx. at 471 n.5; *Denty*, 109 F.3d at 151. In this regard, it is of no import whether the employee applied, was interviewed, or was trained for the position in the United States. *See Johnson*, 164 Fed. Appx. at 471; *Denty*, 109 F.3d at 151; *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 62, 68 (D. D.C. 2002); *Hu v. Skadden Arps, Slate, Meagher & Flom, LLP*, 76 F. Supp. 2d 476, 477 (S.D. N.Y. 1999). Nor

4

does it matter whether the complained-of employment decision was made in the United States. *Shekoyan*, 217 F. Supp. 2d at 68. Rather, for ADEA purposes, the territorial analysis focuses only on the primary workplace where the job is to be performed and the citizenship of the employer. *See id.; Hu*, 76 F. Supp. 2d at 477.

The facts at issue here are similar to those in *Johnson v. Aramco Services. Co.*, 164 Fed. Appx. 469 (5th Cir. 2006) and *Denty v. SmithKline Beecham Corp.*, 109 F.3d 147 (3rd Cir. 1997). The plaintiff in *Denty* was employed by the American subsidiary of a British company. 109 F.3d at 148. He was working in Philadelphia when he applied for, and was denied, a promotion to an overseas position with the British parent. *Id*. Because the British parent controlled the American subsidiary, and the complained-of employment decision pertained to employment outside the United States, Third Circuit held that the ADEA did not apply. *Id*. at 151. Similarly, the plaintiff in *Johnson* was denied a position in Saudi Arabia with a Saudi Arabian company. *Johnson*, 164 Fed. Appx. at 470. An American subsidiary of the Saudi Arabian company had acted as the employment agency and recruited for the position in Houston, where the plaintiff submitted his application. *Id*. The Fifth Circuit held that the plaintiff had failed to sustain an ADEA cause of action against the American recruiter, because "the employer is a foreign person not controlled by an American employer and [the American subsidiary] was procuring employees for [the parent] to work in a foreign workplace." *Id*. at 471. Therefore, the appellate court upheld the lower court's dismissal of the age discrimination claim for lack of subject matter jurisdiction. *Id*. at 470.

---

(. . . continued)
[1] "Person," as used in the ADEA, "means one or more individuals, partnerships, corporations, business trusts, legal representatives, or any organized group of persons." 29 U.S.C. § 630(a).

2036675v.1

Here, Plaintiff David Miles complains about his termination from employment on the Offshore Courageous, a rig located in Malaysian waters. *See* Original Complaint, ¶ 7; *and see* Exhibit A: Affidavit of Rebecca Owens ("Owens Affidavit"), ¶¶ 4, 5; Exhibit A-1: Agreement for Overseas Offshore Employment ("Employment Agreement") ¶ 1.1; Exhibit B: Declaration of Cassandra Ong under Penalty of Perjury ("Ong Declaration") ¶ 3. His employment on the Offshore Courageous began on January 1, 2011. *See* Employment Agreement, p. 1; Ong Declaration, ¶ 3. Plaintiff's official address at that time was in Makati City, Philippines. Employment Agreement, p. 1. Prior to that date, Miles had been employed with Scorpion Offshore, Ltd., and was working on the Offshore Mischief, another rig located in Asian waters. Ong Declaration, ¶ 3.   Neither the Offshore Courageous or Offshore Mischief were owned or under the control of Seadrill Americas at any relevant time. *Id.*

In 2010, Scorpion Offshore, Ltd. was acquired by a subsidiary of Seadrill Limited, a Bermuda corporation. Exhibit A, Owens Affidavit, ¶ 4. Seadrill Americas is also a subsidiary of Seadrill Limited. *Id.* ¶ 3. Seadrill Limited's business activities throughout the world are managed by Seadrill Management Ltd., a UK company with offices in London, England.[2] *Id.* Seadrill Americas functions as an administrative arm, performing payroll and benefits services for various international Seadrill Limited affiliates which employ American citizens. *Id.* Relevant here, Seadrill Americas performed administrative tasks for Scorpion Offshore Malaysia Sdn Bhd (Malaysia) a/k/a Seadrill Offshore Malaysia Sdn Bhd (Malaysia) ("Seadrill Offshore Malaysia"), another subsidiary of Seadrill Limited. *Id.* ¶ 4. In its administrative role, Seadrill Americas had

---

[2] Prior to Seadrill Management Ltd., a UK company filling the administrative role, Seadrill Limited's business activities throughout the world were managed by Seadrill Management, AS, a Norwegian company with offices in Stavanger, Norway. *See* Exhibit A, Owens Affidavit, ¶ 3.

only an administrative support role in facilitating Miles' employment with Seadrill Offshore Malaysia to work on the Offshore Courageous. *Id.* ¶ 5.

In order to work in Malaysia, Miles was required to obtain a Malaysian entry visa. The visa dated February 24, 2012 shows that his employment as of that date was with Scorpion Offshore Malaysia Sdn Bhd. Exhibit B-1, Ong Declaration, ¶ 4. Further, the July 2, 2012 letter confirming Miles's retirement is signed on behalf of Seadrill Offshore Malaysia Snd Bhd (Malaysia). Exhibit B-3; *and see* Petition, ¶ 22. Likewise, a Seadrill HR Change Form shows that Miles was employed by Seadrill Offshore Malaysia Snd Bhd (Malaysia) on the Offshore Courageous as of July 12, 2012, the date his employment was terminated. Exhibit B-2. Therefore, the employment decision of which Plaintiff complains occurred when he was employed in Malaysia by a Malaysian company ultimately owned by a Bermuda parent, and the ADEA cannot apply. *See* 29 U.S.C. § 623(h)(2); *Johnson*, 164 Fed. Appx. at 470-71; *Denty*, 109 F.3d at 150-51.

The decision of the Equal Employment Opportunity Commission ("EEOC"), which dismissed Mr. Miles' claim for lack of jurisdiction, also supports the conclusion that this court has no jurisdiction over Plaintiff's claims. It is well-settled in this circuit that trial courts may consider the factual findings and non-final determinations of the EEOC. *Lindsey v. Prive Corp.*, 161 F.3d 886, 894 (5th Cir. 1998); *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985); *Smith v. Universal Servcs., Inc.*, 454 F.2d 154, 157-78 (5th Cir. 1972). In this instance, the EEOC's legal department reviewed the evidence submitted to it and the applicable law and concluded that it had no jurisdiction over the claim of age discrimination made by David Miles. *See* Exhibit C: Certification and Excerpts from EEOC file, pp. 5, 32. The EEOC based its conclusion on the following factual findings:

7

2036675v.1

> It was determined that you were employed by a Malaysian company that sponsored your overseas VISA. During your employment, the company was acquired by the parent company of the Respondent [Seadrill Americas], but remained a Malaysian company. In other words, Respondent and the Malaysian company were both subsidiaries of the parent which has operations and subsidiaries worldwide. Respondent apparently performed payroll processing and maintained insurance benefits for the Malaysian entity and other subsidiaries of the parent. (These are functions that employers often contract out now.) However, there does not appear to be any indication that the two companies were related in their operations, management, etc., etc. Instead your employment was directed and terminated by the Malaysian company.

*Id.*, p. 32.

The EEOC's factual findings and determinations, as well as the other evidence discussed above and the relevant legal authorities, all demonstrate that the ADEA does not apply to Plaintiff's Malaysian employer and his claims of wrongful termination. Accordingly, Plaintiff's claims under the ADEA should be dismissed, with prejudice. And, because there is no other basis to invoke this court's jurisdiction, the suit should be dismissed for lack of subject matter jurisdiction. *See Johnson*, 164 Fed. Appx. at 470; *Ramming*, 281 F.3d at 161.

**B.     Additionally, and in the Alternative, Plaintiff's TCHRA Claim Should Be Dismissed under Rule 12(b)(6) because he Has Not Alleged Employment in Texas.**

**1.     Standard of Review under Rule 12(b)(6)**

The purpose of a motion to dismiss under Rule 12(b)(6) is to dispose of suits which do not plead enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Katrina Canal Breaches Litig.*, 495 F.3d at 205. To survive dismissal, the "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

2036675v.1

the allegations in the complaint are true (even if doubtful in fact)." *Id.* Dismissal is proper, however, if the complaint does not allege a required element necessary to obtain relief. *Blackburn v. City of Marshall, Tex.*, 42 F.3d 925, 931 (5th Cir. 1995).

Generally, in considering a motion to dismiss for failure to state a claim, a district court must limit its inquiry "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Additionally, documents attached to a defendant's motion to dismiss are deemed "part of the pleadings," and may therefore be considered by the Court, "if they are referred to in the plaintiff's complaint and are central to h[is] claim." *Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Such documents "merely assist[] the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim had been stated." *Collins*, 224 F.3d at 499. Consideration of such documents does not convert a Rule 12(b)(6) motion into one under Rule 56. *See Franks*, 164 F. Supp. 2d at 872 n.4 (citing *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *Sheppard v. Tex. Dept. of Transp.*, 158 F.R.D. 592, 596 n.7 (E.D. Tex. 1994)).

In this instance, Plaintiff's Complaint refers to the January 1, 2011 Agreement for Overseas Offshore Employment as well as the July 12, 2012 Letter of Confirmation of Retirement. *See* Complaint ¶¶ 10, 22; Exhibit A-1, Exhibit B-3. Because these documents are central to Plaintiff's claims, they may be considered without converting the Rule 12(b)(6) motion into a motion for summary judgment.

**B.**     **The TCHRA does not apply because Plaintiff was not employed in Texas.**

2036675v.1

Plaintiff has alleged that actions of Seadrill Americas violated Chapter 21 of the Texas Labor Code. Complaint ¶¶ 33, 34, 38. By its express terms, however, Chapter 21 "does not apply to an employer with respect to the employment of a person outside this state [Texas]." Tex. Lab. Code § 21.111; *and see Herrera v. NBS, Inc.*, 759 F. Supp. 2d 858, 864 (W.D. Tex. 2010); *Rodriguez v. Filtertek, Inc.*, 518 F. Supp. 845, 849 (W.D. Tex. 2007). In determining whether employment is outside the state of Texas, courts interpreting the TCHRA have looked for guidance to cases discussing whether employment is outside the United States for purpose of federal statutes such as the ADEA, Title VII, and the Americans with Disability Act ("ADA"). *See Herrera*, 759 F. Supp. 2d at 865-66; *Rodriguez*, 518 F. Supp. at 849-51. Some of these courts use the "center of gravity" test, which looks at the totality of the circumstances surrounding the employment relationship. *Herrera*, 759 F. Supp. 2d at 865-66; *Rodriguez*, 518 F. Supp. at 850 (both citing *Torrico v. IBM Corp.*, 213 Supp. 2d 390, 403-04 (S.D.N.Y. 2002) (interpreting the ADA)). Factors examined in the center of gravity test include, but need not be limited to, the following:

> (1) the site of the creation of the employment relationship including where the terms of employment were negotiated; (2) the intent of the parties concerning the location of the employment; (3) the locations of the reporting relationships for the position at issue; (4) the actual locations where the employee performed duties and received benefits as well as the relative amount of time the employee spent at each of these sites; and (5) the location of employees domicile.

*Herrera*, 759 F. Supp. 2d at 865-66; *Rodriguez*, 518 F. Supp. at 850.

Other courts, including most courts interpreting the ADEA, use the "primary work station" test. *See Herrera*, 759 F. Supp. 2d at 865; *Rodriguez*, 518 F. Supp. at 850 (discussing, *inter alia*, *Denty v. SmithKline Beecham Corp.*, 109 F.3d 147 (3d Cir. 1997); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59 (D.D.C. 2002)). As noted above, this test "focuses on the place where the work is actually performed, and disregards other factors such as the location where the

2036675v.1

plaintiff was hired, trained, or the location of the employee's supervisors." *Herrera*, 759 F. Supp. 2d at 865; *and see Rodriguez*, 518 F. Supp. at 850 (discussing, *inter alia*, *Denty v. SmithKline Beecham Corp.*, 109 F.3d 147 (3d Cir. 1997); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59 (D.D.C. 2002).

Using either the center of gravity test or the primary work station test, David Miles's place of employment was in Malaysia, well outside the State of Texas. Further, Plaintiff's Original Complaint fails to allege any specific location for his employment. Because Plaintiff has not alleged that he was employed within the State of Texas, he has failed to state a cognizable claim under Chapter 21 of the Texas Labor Claim. Indeed, the Texas Workforce Commission found that it had no jurisdictions over Plaintiff's TCHRA claim, presumably for the same reasons discussed above. *See* Exhibit D: Letter from Texas Workforce Commission. The Texas cause of action should be dismissed, with prejudice.

## IV.

## <u>CONCLUSION</u>

Plaintiff's lawsuit should be dismissed for lack of subject matter jurisdiction because the only alleged grounds for federal question jurisdiction, the ADEA, does not apply to employment overseas with a foreign employer. Accordingly, there is no supplemental jurisdiction over Plaintiff's state law claims. Additionally, and in the alternative, the claims under Chapter 21 of the Texas Labor Claim should be dismissed because Plaintiff has not alleged that he was employed within the State of Texas and he was not, in fact, so employed. Accordingly, Defendant Seadrill Americas, Inc. respectfully requests that the Court dismiss with prejudice all claims asserted against it in Plaintiff's Original Complaint, and for such other remedies to which Defendant may be entitled, whether in law or in equity.

Respectfully submitted,

11

2036675v.1

By:     /s/ Linda P. Wills
       Linda P. Wills
       State Bar No. 21661400
       Fed. I.D. No. 12566
       5847 San Felipe, Suite 2300
       Houston, Texas 77057
       Telephone:  (713) 353-2000
       Facsimile:  (713) 785-7780

**ATTORNEY-IN-CHARGE FOR DEFENDANT
SEADRILL AMERICAS, INC.**

**OF COUNSEL:**

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

Marjorie Cohen
State Bar No. 24031960
Federal I.D. No. 34303
5847 San Felipe, Suite 2300
Houston, TX 77057
Telephone:  (713) 353-2000
Facsimile:  (713) 785-7780

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 14th day of January, 2014.

***Via CM/ECF & CMRRR***
Terrence Robinson
Michelle C. Mishoe
**KENNARD BLANKENSHIP ROBINSON, P.C.**
5433 Westheimer Rd., Suite 825
Houston, Texas 77056

       /s/ Linda P. Wills
       Linda P. Wills

2036675v.1